IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE DAVID OCHOA AGUILAR,

     Petitioner,

v.                                    No. 1:26-cv-00164-MLG-DLM

TODD BLANCHE,[1]
Acting Attorney General of the United States; et al.,

     Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Jose David Ochoa Aguilar's Verified Petition for Writ of Habeas ("Petition"), Doc. 1. Ochoa Aguilar, an El Salvador citizen, is detained at the Torrance County Detention Facility in New Mexico. Doc. 1 at 4 ¶¶ 13-14. He entered the United States in 2022. *Id.* at 8 ¶ 27. Ochoa Aguilar has been in custody since January 9, 2026. *Id.* at 8 ¶ 29. Ochoa Aguilar claims he is being denied individualized review of his detention because Respondents will not provide him with a bond hearing. *Id.* at 2, 8 ¶¶ 2, 32. He has no criminal history that would require mandatory custody under 8 U.S.C. § 1226(c). *Id.* at 9 ¶ 33.

In his Petition, Ochoa Aguilar challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to immediately release him or conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 3-4, 17, 19, 23-24 ¶¶ 10-11, 63, 67-68. Ochoa Aquilar claims that his detention violates the Immigration and Nationality Act, Fifth Amendment Due Process Clause, and 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. *Id.* at 19-23

---

[1] Todd Blanche is automatically substituted for his predecessor under Federal Rule of Civil Procedure 25(d).

¶¶ 69-77, 83-91. On February 12, 2026, Respondents filed a Response to the Petition. Doc. 6. Ochoa Aguilar subsequently filed a reply in support of his Petition. Doc. 7.

### I.    Section 1226 Governs Ochoa Aguilar's Detention

The dispositive question presented by the Petition is whether Ochoa Aguilar's detention is governed by 8 U.S.C. § 1226(a), or whether he is instead subject to the mandatory detention provision provided by 8 U.S.C. § 1225(b)(2)(A).[2] This Court has been presented with this same issue as applied to similarly situated defendants, and, as in those cases, the Court hereby finds § 1226(a) governs Ochoa Aguilar's detention. *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at * 2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at * 2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court has concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[3] like Ochoa Aguilar, who has resided in the United States for four years. Doc. 1 at 8 ¶ 27; *see, e.g.*, *Bethancourt Soto v. Soto*, 807 F.Supp.3d 397, 408 (D.N.J. 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years); *Barco Mercado v. Francis*, 811 F.Supp.3d 487

---

[2] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

[3] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

(S.D.N.Y. 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A).

Federal Respondents concede the Court's previous rulings control the outcome of this case because "the facts are not materially distinguishable for the purposes of the Court's decision on the legal issue of which statutory provisions govern Petitioner's detention." *See* Doc. 6 at 2. Federal Respondents also cite the United States Court of Appeals for the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) as additional support for the proposition that § 1225(b)(2)(A) controls. *Id.* at 2 n.1. This is not binding authority. Moreover, the majority of circuit courts have concluded § 1226(a) applies to the pre-removal detention of noncitizens like Ochoa Aguilar rather than § 1225(b)(2)(A). *See Barbosa da Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---- , 2026 WL 1223250, at * 10-11 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, --- F.4th ----, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, --- F.4th ----, 2026 WL 1283891 (6th Cir. May 11, 2026). The Court therefore concludes with the majority of circuit courts that § 1226(a) governs Ochoa Aguilar's detention.

## II.    Ongoing Violation of the Fifth Amendment Due Process Clause

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due

process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also*

*Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling, Ochoa Aguilar is entitled—as a

right—to the due process provided to him under that statute, an individualized bond hearing. *See*

*Cortez-Gonzalez*, 811 F. Supp. 3d at 1298; *Velasquez Salazar v. Dedos*, 806 F.Supp. 3d 1231, 1241

(D.N.M. 2025); *Gonzales Ramos*, 2025 WL 3653928, at * 4-5. Ochoa Aguilar's continued

detention without such review constitutes an ongoing violation of his right to due process. *See*

*Cortez-Gonzalez*, 811 F. Supp. 3d at 1298.

### III.     Immediate Release is the Appropriate Remedy

Federal courts are authorized to "dispose of [a habeas petition] as law and justice require"

and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443

(10th Cir. 2012) (internal quotations omitted)(citing 28 U.S.C. § 2243) *see also Preiser v.*

*Rodriguez*, 411 U.S. 475, 484 (1973) (noting "the traditional function of the writ [of habeas corpus]

is to secure release from illegal custody"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992)

(noting that a federal court "'possesses power to grant *any form of relief necessary* to satisfy the

requirement of justice'" (emphasis in original)) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th

Cir. 1969). Ochoa Aguilar has been deprived of liberty since January 2026 due to Respondent's

violation of § 1226(a). Doc. 1 at 8 ¶ 29. The Court "acknowledges that release—whether

immediate or otherwise on a bond hearing or otherwise—may 'be a distinction without a

difference.'" *Aguilar-Rodriguez v. Ladwig*, No. 2:26-cv-02168-TLP-tmp, 2026 WL 1266251, at *

8 (W.D. Tenn May 8, 2026) (quoting *Hernandez v. Ladwig*, No. 2:26-cv-02081-SHL-atc, 2026 WL

324020, at * 9 (W.D. Tenn. Feb. 6, 2026)). "After all, the Government may at any time detain an

illegally present noncitizen under § 1226(a), subject to a bond hearing, and thus it is not necessary

for this Court to order one." *Hernandez,* 2026 WL 324020, at * 9; *see also* § 1226(a). Given the

ongoing violation of Ochoa Aguilar's due process rights, the remedy justice requires in this matter is immediate release. *See Hernandez,* 2026 WL 324020, at * 9. Immediate release will address the lack of due process afforded to Ochoa Aguilar and restore him to the status quo prior to the violation of his Fifth Amendment rights. *See id* at * 8; *see also Sosa v. De Anda-Ybarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at * 3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than remanding for a bond hearing).

Accordingly, the Court grants Ochoa Aguilar's Petition. Respondents shall release Ochoa Aguilar within twenty-four hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in January 2026 along with a copy of this Order.

If Respondents decide to re-detain Ochoa Aguilar, they must provide him a bond hearing before a neutral Immigration Judge pursuant to § 1226(a). Respondents are enjoined from pursuing Ochoa Aguilar's detention under 8 U.S.C. § 1225(b)(2)(A).

Respondents shall file a status report within three (3) days of this Order to certify compliance.

Ochoa Aquilar's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA") shall be considered. *See* Doc. 1 at 24; 28 U.S.C. § 2412(d)(1)(A); *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). While fees are authorized, Ochoa Aguilar must "within thirty days of final

judgment in the action, submit to the court an application for fees and other expenses," and include an allegation demonstrating that "the position of the United States was not substantially justified." § 2412(d)(1)(B). Upon filing the application, Respondents must justify their position in any underlying proceedings and district court litigation. *See Hackett*, 475 F.3d at 1170.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

6